1  Tara L. Martin (SBN: 189168)
   tmartin@gordonrees.com
2  Evan M. Rothman (SBN: 271313)
   erothman@gordonrees.com
3  GORDON & REES LLP
   2211 Michelson Drive, Suite 400
4  Irvine, CA  92612
   Telephone:  (949) 255-6950
5  Facsimile:  (949) 474-2060

6  Harold L. Collins (SBN: 68161)
   HalC@knfilters.com
7  K&N ENGINEERING, INC.
   1455 Citrus Street
8  Riverside, California 92507
   Telephone: (951) 237-1560
9  Facsimile:  (951) 826-4003

10 Attorneys for Plaintiff
   K&N ENGINEERING, INC.

11              UNITED STATES DISTRICT COURT

12      CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

13

14

15 K&N ENGINEERING, INC., a         | CASE NO.
   California corporation,          |
16                                  | **COMPLAINT FOR:**
                         Plaintiff, |
17                                  | 1. **FEDERAL TRADEMARK**
        vs.                         |    **INFRINGEMENT [15  U.S.C. §**
18                                  |    **1114(1)(a) and (b)];**
   LEEA CUSTOMS, INC., A Nevada     | 2. **FALSE DESIGNATION OF**
19 corporation; and EDWARD A. EHMER,|    **ORIGIN [15 U.S.C. § 1125(a);**
   an individual,                   | 3. **FEDERAL UNFAIR**
20                                  |    **COMPETITION;**
                        Defendants. | 4. **COMMON LAW**
21                                  |    **TRADEMARK**
                                    |    **INFRINGEMENT; AND**
22                                  | 5. **UNFAIR COMPETITION**
                                    |    **(CAL. BUS & PROF. CODE §**
23                                  |    **17200 ET SEQ.)**

24                                  | **DEMAND FOR JURY TRIAL**

25

26 ///

27 ///

28 ///

-1-
**COMPLAINT**

Plaintiff K&N Engineering, Inc., a California corporation ("K&N" or "Plaintiff") for its complaint against the above-named defendants Leea Customs, Inc., a Nevada corporation ("LCI") and Edward A. Ehmer, an individual ("Ehmer"), (LCI and Ehmer are collectively referred to herein as "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction under 28 U.S.C. § 1338(a) as this action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(b) as well as under pendent jurisdiction under 28 U.S.C. § 1367.

2.     This Court also has jurisdiction under 18 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interests and costs.

3.     Venue is proper in the Central District of California under 28 U.S.C. §§ 1391(a) and 1392(b) because a substantial part of the events, omissions and acts that are the subject matter of this action, and the resulting injury to Plaintiff, occurred within the Central District of California.  This action arises out of Defendants' trademark infringement as alleged below and the threatened and actual harm to Plaintiff by reasons thereof.  Plaintiff is informed and believes, and thereon alleges, that Defendants conduct business in this Judicial District through their website and receive compensation therefrom by selling the infringing product as alleged below.  Furthermore, by their actions alleged herein, Defendants have caused harm to Plaintiff at its headquarters in this Judicial District.

## THE PARTIES

4.     Plaintiff K&N is a corporation organized and existing under the laws of the State of California, having its principal place of business at 1455 Citrus Street, Riverside, California 92507.

///

///

5.     On information and belief, Defendant LCI is a corporation organized and existing under the laws of the state of Nevada, having its principal place of business at 2841 Josephine Drive, Henderson, Nevada 89044.

6.     On information and belief, Defendant Ehmer is an individual residing in Nevada.  Plaintiff is further informed and believes that Ehmer is the sole owner, officer and director of LCI.

## NATURE OF THE CASE

7.     Defendants are deceiving K&N's retail customers and the public at large and causing customer confusion by incorporating K&N's products, which prominently display K&N's trademarks, into a product sold and marketed by Defendants in order to profit from the goodwill and reputation of K&N. Defendants are further using K&N's trademarks on its website without authorization for the purpose of unlawfully profiting from the goodwill and reputation of K&N and K&N's trademarks, and additionally causing further confusion regarding the origin of the infringing product.  K&N seeks, where appropriate, injunctive relief, statutory damages, an award of Defendants' profits, attorney's fees, and costs against Defendants for trademark infringement under 15 U.S.C. § 1141(1)(a) and (b); false designation of origin and/or sponsorship under 15 U.S.C. § 1125(a); unfair and deceptive trade practices under California Business and Professions Code § 17200 *et seq*.; and common law trademark and trade name infringement and unfair competition.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.     K&N has been an innovative leader in performance air filter technology since 1969.  K&N designs, manufactures, and distributes automotive and powersports aftermarket and industrial performance air filters, air intake kits, oil filters and related products.  K&N's products are widely sold to automotive and powersport enthusiasts and to commercial customers throughout the United States and the world.

9.     K&N holds United States Trademark Registrations and foreign trademark registrations for its marks used in connection with its numerous products.

10.     K&N is the owner of the stylized 🅚 mark, U.S. service mark registration Nos. 1,536,024; 2,581,371 and 3,692,417 (hereinafter collectively "K&N Mark"), used in connection with the advertising, marketing and sales of its numerous air filters and oil filter products.  Copies of these registrations are attached hereto as Exhibits A, B and C, respectively.

11.     K&N has been manufacturing and selling air filter products under its K&N marks for more than 40 years and oil filter products for over 13 years.  K&N, by virtue of its products offered under the K&N marks, is recognized as a premier, and one of the most successful, manufacturers and distributors of aftermarket performance air filters on the market today, as well as premium oil filters.

12.     K&N's products, including the K&N crankcase vent filter ("K&N Product"), prominently display the K&N Mark.  A photograph of a K&N Product is attached hereto as Exhibit D.  The K&N Product is not designed for specific engines or vehicle models, but is intended for general application with certain types of engines or motor vehicles. The K&N Product is not manufactured for use as or with an engine oil filler cap, nor to defeat the purpose or function of an OEM ("original equipment manufacturer") oil filler cap on emissions-controlled vehicles, such as Corvettes with highly modified engines.

13.     On information and belief, Defendants have created an aftermarket automotive part that incorporates the K&N Product to create a modified oil filler cap, or "breather," for certain models of Corvette automobiles.  Defendants permanently affix the K&N Product to one or more other components and sell these unified parts as a single part they call a "breather" (the "Infringing Product").  The Infringing Product is sold as a new product and bears no indication that it is a composite of two or more parts, including the K&N Product, assembled and

1  permanently joined together by Defendants.  The K&N Mark is prominently

2  displayed on the Infringing Product and is the only source identifier.  The K&N

3  Mark was also prominently displayed on Defendants' website

4  www.nakidparts.com, without authorization from K&N.  Such references have

5  since been removed from Defendants' website after K&N sent a series of written

6  correspondence to Defendants demanding that Defendants cease and desist using

7  K&N's intellectual property.  However, Defendants still display the mark on one

8  or more internet blogs or forums promoting the Infringing Product.

9        14.    The K&N Mark is the only identifying mark on the Infringing

10  Product.  While Defendants have recently removed reference to K&N from their

11  website, the Infringing Product itself has one, and only one, distinguishing or

12  identifying mark—the K&N Mark.  There is no disclaimer or other warning

13  affixed to or displayed anywhere on the Infringing Product indicating that the

14  K&N Product has been modified or otherwise altered for use in Corvettes or with

15  Corvette engines.  Nonetheless, Defendants' modifications have substantially

16  altered the K&N Product so that it may be used in Corvettes or on Corvette engines

17  without the authorization or consent of K&N.

18        15.    Defendants are not simply reselling the K&N Product.  Defendants

19  have substantially altered the K&N Product and changed its use and application

20  and claim that the Infringing Product is covered by K&N's warranty, the terms of

21  which Defendants misstate.  Despite Defendants' alterations, the Infringing

22  Product prominently displays the K&N Mark.  The public is therefore likely to be

23  misled that Defendants' Infringing Product is manufactured wholly by K&N and

24  that the quality of the product is that which the consumer has come to expect from

25  K&N over the last four decades.

26        16.    Defendants' conduct as set forth above is misleading to its customers

27  and the public at large.  Nowhere on the Infringing Product or its packaging is it

28  clearly stated that the Infringing Product has been altered without the authorization

of K&N, or that K&N is not responsible for the product or its lack of conformity to the original standards of the K&N Product.  In the event that the Infringing Product malfunctions or otherwise fails to conform to statutory mandates or industry standards, the public is likely to look to K&N for relief, rather than Defendants, since the only identifying mark on the Infringing Product is the K&N Mark. Defendants are using K&N's goodwill for the sale of the Infringing Product without authorization while simultaneously causing confusion as to the source of the Infringing Product.

17. The Infringing Product, as modified by Defendants, is also advertised and sold on other websites, including, but not limited to, www.corvetteforum.com, and advertised therein as a "K&N vented oil breather cap" offered specifically for Corvettes.  The K&N Product as manufactured and distributed by K&N is not manufactured for specific use in Corvettes.  As set forth above, Defendants have substantially modified the K&N Product for use in Corvettes, without authorization and without informing the public of such alteration.  Defendants are utilizing the K&N Mark to mislead the public that the Infringing Product advertised and sold through these websites was manufactured by K&N with the same quality and precision that has become synonymous with the K&N brand without adequate notice to the public of the unauthorized modifications and alterations to the original K&N product.

18. Defendants are not affiliated with K&N and are not authorized to use the K&N Mark in connection with the Infringing Product or their website.

19. K&N is informed and believes that through Defendants unauthorized use of K&N's products and marks they are intentionally creating the appearance of an affiliation, association, sponsorship or relationship between K&N's vent filters and Defendants' Infringing Product.

///

///

20.     Defendants have failed and refused to cease and desist from their improper use of the K&N Mark despite repeated demands by K&N to Defendants. On September 11, 2014, K&N sent Defendants written correspondence demanding that Defendants cease and desist from, among other things, selling the Infringing Product (the "September 11 Letter"). A true and correct copy of the September 11 Letter is attached hereto as Exhibit E and incorporated herein by this reference.

21.     After receiving the September 11 Letter, Defendants and K&N engaged in a series of written communication exchanges wherein K&N reiterated its demand and continued to advise Defendants to stop using, selling or advertising the K&N Product. Defendants responded by stating that Defendants "WILL JUST STOP SELLING YOUR PRODUCT JERK." After several more written communication exchanges, the Infringing Product was still being sold by Defendants despite K&N's repeated and continued demands that Defendants cease and desist from selling the Infringing Products.

22.     On November 20, 2014, K&N sent Defendants written correspondence informing them that unless Defendants complied with the demands of the September 11 Letter, including ceasing the selling of the Infringing Product, K&N would have no choice but to initiate a civil action. A true and correct copy of the November 20, 2014 correspondence is attached hereto as Exhibit F and incorporated herein by this reference.

23.     K&N is informed and believes that despite these repeated written demands, Defendants continue to sell the Infringing Product, which Infringing Product is now listed as a "LS3 / LS2 / LS1 Breather." Defendants conduct as alleged herein displays a conscious and deliberate disregard for K&N's rights such as to constitute malice and oppression.

24.     The U.S. courts and this Court in particular have a substantial interest in preventing Defendants' infringement as set forth above. Accordingly, Defendants' acts and omissions complained of herein had, and continue to have, a

1    significant effect on U.S. commerce and are subject to the reach of, among other

2    statutes and common law, the Lanham Act and the Uniform Unfair and Deceptive

3    Trade Practices Act, California Business & Professions Code § 17000.

4        25.    By reason of Defendants' acts as set forth above, K&N has suffered,

5    and will continue to suffer, damage to its business, reputation, and goodwill.

6    Unless restrained and enjoined, Defendants will continue to engage in the acts

7    complained of herein, which acts have caused and will continue to cause

8    irreparable damage to K&N.  K&N's remedy at law is not adequate to compensate

9    K&N for all the resulting injuries arising from the acts and omissions alleged

10   herein.

### FIRST CLAIM FOR RELIEF
#### (Infringement of Registered Trademark)
#### (15 U.S.C. § 1114 / Lanham Act § 32)

13   26.    K&N repleads, realleges, and incorporates herein by reference the

14   allegations in the above paragraphs 1 through 25 as though fully set forth at length

15   herein.

16   27.    K&N has continuously used the K&N Mark in interstate and/or

17   foreign commerce since registration of said marks.

18   28.    K&N, as the owner of all right, title, and interest in and to the K&N

19   Mark, has standing to maintain an action for trademark infringement under the

20   Trademark Statute 15 U.S.C. § 1114.

21   29.    On information and belief, Defendants, at all times relevant, were

22   aware that K&N owned and continues to own the K&N Mark, and that K&N was

23   and continues to be the registered owner of the K&N Mark.

24   30.    Defendants failed to obtain the consent and authorization of K&N as

25   the registered owner of the K&N Marks as required to act as a dealer of and/or to

26   be authorized to commercially distribute, promote, market, and/or offer for sale the

27   Infringing Product bearing the K&N Mark in the stream of commerce.

28   ///

31.     On information and belief, Defendants intentionally and knowingly infringed upon the K&N Marks (i) by selling products that infringe the K&N Mark; (ii) by engaging in the promotion, marketing, presentation, distribution and/or sale of the Infringing Product bearing and/or sold in connection with the K&N Mark; and (iii) by making reference to K&N, its reputation and the K&N Product in Defendants' statements to sell, promote, advertise and market the Infringing Product.

32.     On information and belief, Defendants' egregious and intentional use of the K&N Mark to build and gain prestige for Defendants' own name and brand has caused actual confusion and is likely to continue to cause further confusion, and/or to cause mistake, and/or to deceive, mislead, and/or defraud consumers or potential consumers who believe the Infringing Product is an authentic K&N product and/or is a product that is approved, endorsed, authorized or sponsored by K&N.

33.     On information and belief, the use of the K&N Mark by Defendants is a counterfeit mark within the meaning of Section 34(d)(1)(B) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(B).

34.     On information and belief, Defendants have committed the acts complained of above and have continued to do so in defiance of K&N's repeated requests that they cease and desist from such conduct.

35.     Defendants' continued and knowing use of the K&N Mark without K&N's consent or authorization constitutes intentional infringement of K&N's federally registered marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, or the willful use of a counterfeit mark in violation of §35 of the Lanham Act, 15 U.S.C., §1117(c).  Defendants' acts and willful conduct have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, financial injury and other damages to K&N, such that damages alone do not provide K&N with an adequate remedy at law.  Based upon such conduct, K&N is

1  entitled to injunctive relief as well as monetary damages, statutory damages, and

2  other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, including

3  disgorgement of Defendants profits, treble damages, reasonable attorneys' fees,

4  costs and prejudgment interest.

**SECOND CLAIM FOR RELIEF**
**(Trademark Dilution)**
**(15 U.S.C. § 1125(c) / Lanham Act § 43)**

7      36.    K&N repleads, realleges, and incorporates herein by reference the

8  allegations in paragraphs 1 through 35 as though fully set forth at length herein.

9      37.    The K&N Mark is famous pursuant to 15 U.S.C. § 1125(c) and

10  became famous prior to the filing of this Complaint and prior to the

11  commencement of the activities attributed to Defendants in this Complaint.

12      38.    Defendants' activities as alleged in this Complaint dilute, both by

13  blurring and tarnishment, the distinctive quality of the K&N Mark in violation of

14  15 U.S.C. § 1125(c).  Defendants' activities were and continue to be willful

15  pursuant to 15 U.S.C. § 1125(c)(5)(B).

16      39.    Based upon such conduct, K&N is entitled to Defendants' profits

17  pursuant to 15 U.S.C. § 1117(a)(3), as well as all costs and reasonable attorneys'

18  fees incurred in bringing this action.

19      40.    Defendants' infringing activities as described in this Complaint have

20  caused and continue to cause irreparable injury and harm and other damages to

21  K&N and its business, reputation, and the goodwill it has realized in its federally

22  registered marks.

23      41.    Unless enjoined by the Court, Defendants' infringing activities will

24  continue to dilute the K&N Mark and cause K&N irreparable financial injury and

25  other damage to K&N and its business, name, reputation and goodwill in its marks.

26  ///

27  ///

28  ///

### THIRD CLAIM FOR RELIEF
#### (Unfair Competition in Violation of Federal Law)
#### (15 U.S.C. § 1125(a))

42.     K&N repleads, realleges, and incorporates herein by reference the allegations in paragraphs 1 through 41 as though fully set forth at length herein.

43.     As set forth above, Defendants are using the K&N Mark in connection with the advertising, marketing and sale of the Infringing Product.

44.     The advertising, promotion, offering for sale, and sale of unauthorized K&N products bearing the K&N Mark and/or sold in connection with the K&N Mark, constitutes false designation of origin and false descriptions and representations, and such conduct is likely to cause confusion and mistake, and to deceive consumers and the public at large by creating the false impression that K&N is affiliated, connected, or associated with the activities and products of Defendants and/or that Defendants' products are approved, licensed, endorsed or sponsored by K&N.

45.     On information and belief, with full knowledge of such falsity, Defendants have promoted, sold, and continue to sell such merchandise among the public and continue to deceive the public, resulting in profits for Defendants while causing K&N great damage and injury.

46.     By their acts alleged herein, Defendants have falsely designated and represented goods used in commerce in violation of 15 U.S.C. § 1125(a) and, on information and belief, have used the goodwill of K&N to sell Defendants' products without authorization or consent.

47.     On information and belief, Defendants are now committing the acts complained of above and have continued to do so in defiance of K&N's request that they cease such acts.

48.     Defendants, after due notice, have displayed a willful course of conduct toward appropriation and destruction of Plaintiff's rights in and to the K&N Mark.

49.     On information and belief, Defendants' wrongful acts and conduct as alleged herein have permitted or will permit them to generate profits through sales of the Infringing Product on the strength of K&N's substantial advertising, sales, consumer recognition, and good will in connection with the K&N Mark.

50.     As a result of Defendants' wrongful acts alleged herein, K&N has suffered and will continue to suffer monetary damage in an amount not thus far determined, but in an amount in excess of this Court's minimum jurisdiction.

51.     On information and belief, Defendants' acts of unfair competition by false designation of origin in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. § 1117, thereby entitling Plaintiff to its attorneys' fees and costs.

52.     The above-described conduct by Defendants constitutes unfair competition that has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to K&N and the K&N brand, for which there is no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (California Common Law Trademark Infringement)

53.     K&N repleads, realleges, and incorporates herein by reference the allegations in paragraphs 1 through 52 as though fully set forth at length herein.

54.     The aforementioned acts of Defendants constitute trademark infringement in violation of the common law of the State of California, causing substantial harm and irreparable injury to K&N for which there is no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### (California Unfair Competition)

55.     K&N repleads, realleges, and incorporates herein by reference the allegations in paragraphs 1 through 54 as though fully set forth at length herein.

56.     As stated above, the conduct of Defendants is likely to cause confusion as to the origin, authorization, authenticity and sponsorship of the Infringing Product advertised, distributed, offered for sale, and sold by Defendants bearing the K&N Mark.  The above-described conduct of Defendants is intended to produce and likely has produced substantial profits for Defendants at the expense of K&N and to the detriment of the integrity of the K&N brand.

57.     The acts and practices of Defendants as alleged herein violate the California Uniform Unfair and Deceptive Trade Practices Act, California Business & Professions Code § 17000 *et seq.*, because (a) the actions and conduct of Defendants cause a likelihood of consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of products; (b) the actions and conduct of Defendants cause a likelihood of consumer confusion or misunderstanding as to the affiliation, connection, or association with or certification by another; and (c) the actions and conduct of Defendants create other likelihood of consumer confusion or misunderstanding.

58.     As a result, K&N has incurred damages including loss of market share, injury to business reputation, loss of control over its brand and image, and lost sales and royalties.

59.     K&N has lost money and suffered substantial injury as a result of the wrongful acts of Defendants in this district.  The misconduct also has caused, and continues to cause, irreparable injury to K&N for which there is no adequate remedy at law.  K&N therefore seeks an injunction and restitution.

## **PRAYER FOR RELIEF**

WHEREFORE, K&N prays that:

A.     Defendants and its officers, directors, agents, employees, representatives, and all persons, firms, and corporations in active concert with any of them, be preliminarily and permanently enjoined from infringing, diluting, or otherwise using without K&N's authorization the K&N Mark, including without

1 limitation, importing, purchasing, distributing, offering for sale or selling any

2 unauthorized infringing merchandize bearing, using, or incorporating the K&N

3 Mark or any confusingly similar marks;

4      B.   Defendants be required to deliver immediately to K&N all inventory

5 of K&N Product and all infringing merchandise bearing, using or incorporating the

6 K&N Mark, or any confusingly similar mark;

7      C.   Defendants be ordered, pursuant to Section 34 of the Lanham Act, 15

8 U.S.C. § 1116(a), to file with the Court and serve upon K&N's counsel, within 30

9 days of the entry of this injunction and order prayed for herein, a written report

10 setting forth under oath and in detail the manner in which it has complied with the

11 injunctions and orders requested herein;

12      D.   Defendants provide an accounting of all revenues and profits obtained

13 by it as a result of its trademark infringement, unfair competition and other

14 violations, as alleged herein, and that the amount of profits realized by Defendants

15 by its unlawful acts be awarded to K&N;

16      E.   K&N be awarded restitution, including disgorgement of all monies

17 obtained by Defendants through the unlawful sales, distribution and use of

18 unauthorized or infringing merchandise bearing the K&N Mark, or any

19 confusingly similar mark, such that K&N be awarded Defendants' profits in an

20 amount not yet ascertained but in excess of this Court's jurisdictional amount;

21      F.   K&N be awarded an amount three times Defendants' profits in light

22 of the intentional and willful nature of Defendants' acts, pursuant to 15 U.S.C.

23 §1117;

24      G.   K&N be awarded damages in the full amount sustained by it as a

25 result of Defendants' acts;

26      H.   K&N be awarded statutory damages and attorneys' fees pursuant to

27 15 U.S.C. §1117;

28 ///

-14-
**COMPLAINT**

1    I.      In the alternative, as may be elected by K&N pursuant to 15 U.S.C. §

2  1117(c), statutory damages of $2 million for Defendants' willful counterfeiting of

3  a registered trademark, or, if found not to be willful infringement, $200,000;

4    J.      For any monetary award to include pre and post-judgment interest at

5  the highest rate allowed by law; and

6    K.      Such other further relief as the Court deems just and proper.

7

8  Dated:  March  12, 2015          GORDON & REES LLP

9

10                                  By: _____
                                        Tara L. Martin
11                                      tmartin@gordonrees.com
                                        Evan M. Rothman
12                                      erothman@gordonrees.com
                                        Attorney for Plaintiff
13                                      K&N ENGINEERING, INC.

14

15                    **DEMAND FOR JURY TRIAL**

16          PLEASE TAKE NOTICE that Plaintiff K&N ENGINEERING, INC. hereby

17  demands a trial by jury in this action.

18

19  DATED:  March  12, 2015          GORDON & REES LLP

20

21                                  By: _____
                                        Tara L. Martin
22                                      tmartin@gordonrees.com
                                        Evan M. Rothman
23                                      erothman@gordonrees.com
                                        Attorneys for Plaintiff
24                                      K&N ENGINEERING, INC.

25

26

27

28

1102829/22723478v.1

-15-
**COMPLAINT**