Tara L. Martin (SBN: 189168)
Evan M. Rothman (SBN: 271313)
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, CA  92612
Telephone:  (949) 255-6950
Facsimile:  (949) 474-2060

Harold L. Collins (SBN: 68161)
K&N ENGINEERING, INC.
1455 Citrus Street
Riverside, California 92507
Telephone: (951) 237-1560
Facsimile:  (951) 826-4003

Attorneys for Plaintiff
K&N ENGINEERING, INC.

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| K&N ENGINEERING, INC., a California corporation, <br><br>  Plaintiff, <br><br> vs. <br><br> LEEA CUSTOMS, INC., A Nevada corporation; and EDWARD A. EHMER, an individual, <br><br>  Defendants. | CASE NO.  5:15-cv-00552-SJO-PJWx <br><br> **FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS LEEA CUSTOMS, INC. AND EDWARD A. EHMER** |

Plaintiff K&N Engineering, Inc. ("K&N"), by and through its counsel of record, Gordon & Rees, LLP, and Defendants Leea Customs, Inc. and Edward A. Ehmer (collectively "Defendants"), have executed a Stipulation for Entry of Final Judgment and Permanent Injunction providing for the final resolution of all claims of relief pending between them and have agreed to the entry of this Final Judgment and Permanent Injunction.

///

1    Accordingly, having considered all papers and pleadings on file in this
2    action, including the fully executed Stipulation for Entry of Final Judgment and
3    Permanent Injunction, and having determined that K&N and Defendants (the
4    "Parties") have provided written consent to the entry of Final Judgment and
5    Permanent Injunction, it is hereby ORDERED that:
6        1.   This Court has jurisdiction over the Parties.
7        2.   This Court has subject matter jurisdiction over this matter pursuant to
8    28 U.S.C. §§ 1338 and 1367, and venue is proper in this Judicial District pursuant
9    to 28 U.S.C. §§ 1391 and 1392.
10       3.   This Court finds that K&N holds United States Trademark
11   Registrations and foreign trademark registrations for its marks used in connection
12   with its numerous products.  K&N is the owner of the stylized [K&N logo] mark, U.S.
13   service mark registration Nos. 1,536,024; 2,581,371 and 3,692,417 (hereinafter
14   collectively "K&N Mark"), used in connection with the advertising, marketing and
15   sales of its numerous air filters and oil filter products.
16       4.   This Court finds that K&N has been manufacturing and selling air
17   filter products under its K&N marks for more than 40 years and oil filter products
18   for over 13 years.  K&N's products, including the K&N crankcase vent filter
19   ("K&N Product"), prominently display the K&N Mark
20       5.   This Court finds that Defendants created an aftermarket automotive
21   part that incorporated the K&N Product to create a modified oil filler cap, or
22   "breather," for certain models of Corvette automobiles and that Defendants
23   permanently affixed the K&N Product to one or more other components and sold
24   these unified parts as a single part they called a "breather" bearing the
25   aforementioned stylized K&N Mark (the "Infringing Product").
26       6.   Defendants are ordered to produce to Plaintiff, within 10 days of entry
27   of this Judgment herein, all business records that relate to or evidence the number
28   of K&N Products Defendants purchased and all business records that relate to or

1  evidence the number of Infringing Products sold and to whom each such Infringing
2  Product was sold, and shall produce within 10 days of any written request by
3  Plaintiff such additional records as Plaintiff may request to reasonably establish the
4  number of K&N Products Defendants purchased, the number of Infringing
5  Products Defendants sold, and to whom each such Infringing Product was sold.

6       7.     Defendants are ordered to surrender to Plaintiff, within 10 days of
7  entry of this Judgment herein, any remaining inventory of Infringing Products in
8  Defendants' possession or under its control, or in the possession or under the
9  control of Defendants' subsidiaries, parent and/or affiliated companies, successors,
10 assigns, officers, directors, representatives, agents, partners, and/or employees, or
11 those acting in concert or participation with Defendants.

12      8.     Defendants, including any subsidiaries, parent and/or affiliated
13 companies, successors, assigns, officers, directors, representatives, agents,
14 partners, and/or employees, and all those acting in concert or participation with
15 Defendants, are further ordered, in connection with the manufacture, marketing
16 and sale of automobile parts to immediately:

17      (a)     Cease and desist all current use and hereafter refrain from the use of
18 any and all products bearing or incorporating the K&N Mark or any
19 other marks, words, phrases, pictures, or names similar to the K&N
20 Mark and/or incorporating the name "K&N" or any of Plaintiff's other
21 registered trademarks in the manufacture, marketing and/or sale of
22 automobile parts.  This provision shall not enjoin or preclude
23 Defendants from advertising, marketing or selling Plaintiff's products
24 bearing the K&N Mark or any of Plaintiff's other registered
25 trademarks, provided the subject product is being advertised,
26 marketed or sold in its original form or condition, as manufactured or
27 distributed by Plaintiff, and has not been altered or modified by
28 incorporation or consolidation with another part or component, or

-3-
**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION**

1 modified or altered in any other manner, from its original form or
2 condition, and further provided that the advertising, marketing or
3 selling of such products is not misleading or confusing as to source,
4 features, traits, characteristics, specifications, warranties or other facts
5 affecting or relating to said products;
6     (b)    Remove all marks, words, phrases, pictures, logos or names similar to
7 the K&N Mark or any other marks, words, phrases, pictures, or names
8 similar to the K&N Mark and/or incorporating the name "K&N", or
9 any of Plaintiff's other registered trademarks, from all advertisements,
10 marketing and promotional materials, printed materials, and any
11 websites that Defendants control or maintain, including, but not
12 limited to, www.nakidparts.com, and refrain from such uses in the
13 future, except as to the advertising, marketing and selling of Plaintiff's
14 products bearing the K&N Mark or any of Plaintiff's other registered
15 trademarks, provided the subject product is being advertised,
16 marketed or sold in its original form or condition, as manufactured or
17 distributed by Plaintiff, and has not been altered or modified by
18 incorporation or consolidation with another part or component, or
19 altered or modified in any other manner from its original form or
20 condition, and further provided that the advertising, marketing or
21 selling of such products is not misleading or confusing as to source,
22 features, traits, characteristics, specifications, warranties or other facts
23 affecting or relating to said products;
24     (c)    Remove all references to "K&N" or any other marks, words, phrases,
25 pictures, or names similar to the K&N Mark or incorporating the
26 name "K&N", or any of Plaintiff's other registered trademarks, in any
27 domain name registration and/or use in any top-level domain relating
28 to, involving, or referencing any website that Defendants control or

maintain, and refrain from such uses in the future; and

(d) Cease marketing and selling the Infringing Product.

9. No bond shall be required to secure this Final Judgment and Permanent Injunction.

10. This Permanent Injunction, upon approval and entry by this Court herein, shall have the force and effect of a permanent injunction entered into by the Court following a fully contested trial on the merits.

11. The Court shall maintain continuing jurisdiction over the enforcement of this Final Judgment and Permanent Injunction, and shall have jurisdiction to make any orders or findings necessary to effectuate and enforce this Final Judgment and Permanent Injunction, including the authority to award damages, civil penalties and other monetary relief authorized by law, including but not limited to sanctions for contempt of court, for any violation of the Final Judgment and Permanent Injunction.

12. Any party that violates the terms of this Final Judgment and Permanent Injunction shall be liable for attorneys' fees related to the enforcement of the same.

13. This Final Judgment and Permanent Injunction shall be binding upon and inure to the benefit of the Parties, and their successors and assigns.

14. The claims in K&N's Complaint against Defendants that are not adjudicated by this Final Judgment and Permanent Injunction are hereby dismissed without prejudice.

15. Defendants waive all rights to appeal this Final Judgment and Permanent Injunction.

16. Defendants shall reimburse K&N for its fees and costs, including attorneys' fees and court costs, incurred in this action up to the entry of this [Proposed] Final Judgment and Permanent Injunction in the sum of Ten Thousand Dollars ($10,000.00), payable upon entry of Judgment herein.

17. This is a Final Judgment and is enforceable upon entry. The Parties have waived findings of fact, conclusions of law, a statement of decision, and any right to set aside this Judgment, to appeal herefrom, to seek a new trial, or otherwise contest the validity or enforceability of this Final Judgment and Permanent Injunction in any way whatsoever, either directly or collaterally.

18. Service on any then current member, manager, or officer of Defendant Leea Customs, Inc., of a copy of this Judgment and Permanent Injunction shall constitute notice to Defendant Leea Customs, Inc.

**IT IS SO ORDERED.**

Dated:_May 28, 2015            _____
                                Hon. S. James Otero
                                U.S. District Court Judge